

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer P. Rainey, President
The University of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2848
Re: Whether or not representa-
tives of Anatomical Board
of the State of Texas may
provide for the immediate
embalming of the bodies
of persons dying without
known relatives or friends
and which are required to
be buried at the public
expense, and which are
subject to the provisions
of the Anatomical Law,
Title 71, Chapter 13, of
the Revised Civil Statutes
of Texas, 1925.

This will acknowledge receipt of your letter of October 22, 1940, requesting an opinion of this department upon the above stated matter. In order that all of the facts presented in your letter may be set forth in this opinion, we quote it in its entirety:

"We would respectfully request your advice for the benefit of the Medical Branch of The University of Texas at Galveston upon the following inquiry:

"Whether or not under the Anatomical Law of the State of Texas the bodies of persons dying without known relatives or friends, and which are required to be buried at the public expense, may be embalmed immediately after death under the direction of an authorized agent of the Anatomical Board?

"The pertinent provisions of the Anatomical
Law of the State of Texas (Chap. 13, Title 71,
of the Revised Civil Statutes of 1925, amended
by Chap. 152, Acts, Regular Session of the Forty-
first Legislature) make available to the Anatomi-
cal Board of the State of Texas the bodies of
persons, which are required to be buried at the
public expense, for the advancement of medical
science in this State, with certain named ex-
ceptions. However, the law further requires
that due effort be made to find the kindred or
relatives of the deceased and to notify them
of the death, and in the event no claim is made
of said body within twenty-four hours after re-
ceipt of such notification subjects such body
to the provisions of the law. The law further
gives the relatives of the deceased the right
to claim said body within ten days after the
same is delivered to an institution or persons
entitled to receive the same under the law.

"In attempting to meet the requirements of
the law in regard to notification, the bodies
of paupers, subject to burial at public expense,
are often kept a great many days before the same
are embalmed. According to the best judgment
of medical science, this procedure makes many
bodies unfit for anatomical study. It is the
best judgment and opinion of those versed in
the science of embalming that the best results
are obtained by the immediate embalming of dead
bodies. Therefore, it seems that in order to
take advantage of the provisions of the Anatomi-
cal Law, it will be necessary to provide for the
immediate embalming of dead bodies coming under
the provisions of the law, but the State Anatomi-
cal Board desires to be advised as to its rights
and authority in the premises before undertaking
to make provisions for the immediate embalming
of such bodies."

Article 4584, V. A. C. S., reads as follows:

"All public officers, agents, and servants,
and all officers, agents, and servants of any
county, city, town, district or other municipality,

Honorable Homer P. Rainey, President, Page 3

and of any and every almshouse, prison, morgue,
hospital, or any other public institution, having
charge or control of dead human bodies required
to be buried at public expense are hereby re-
quired, after notification in writing by said
board or its duly authorized officers, or per-
sons designated by the authorities of said
board, then and thereafter to announce to said
board, its authorized officer or agent, whenever
such body or bodies come into his or their posses-
sion, charge or control, and shall without fee
or reward greater than the value of such fee as
was paid in any county, city, town, or municipality
on the third day of April 1907, for the burial of
pauper bodies, deliver such body or bodies, and
permit the said board and its agents and the
physicians and surgeons, from time to time desig-
nated by them who may comply with the provisions
of this law, to take and remove all such bodies
as are not desired for post mortem examination
by the medical staff of public hospitals or
institutions for the insane, to be used within
this State for the advancement of medical science,
but no notice need be given, nor any such body
be delivered, if any person claiming to be and
satisfying the authorities in charge of such
body that he or she is of a kindred or is re-
lated by marriage to the deceased, or is a bona
fide friend or representative of an organization
of which the deceased was a member, shall claim
the said body for burial, but it shall be surrender-
ed without cest to such claimant for interment, or
shall upon such claimant's request, be interred
in the manner provided for the interment of bodies
not coming within the operation of this law.  No
notice shall be given for the body to be delivered,
if the deceased died of contagious disease, save
tuberculosis, or syphilis, nor shall notice be
given if such deceased person were a traveler
who died suddenly, in which cases the body shall
be buried.  It is further required that due effort
be made by those in charge of such almshouse,
prison, morgue, hospital or other public institu-
tion having charge or control of such dead human
bodies, to find kindred or relatives of such
deceased and notify him or her of the death; and

> failure to claim such body by kindred or
> relation within twenty-four hours after re-
> ceipt of such notification shall be recognized
> as bringing such body under the provisions of
> this law, and delivery shall be made as soon
> thereafter to said board, its officers, or
> agents as may be possible. Such person in
> charge of such public institution shall file
> with the county judge an affidavit that he
> has made diligent inquiry to find the kindred
> or relatives of the deceased stating such in-
> quiry as he has made. In case a body is claim-
> ed by relatives within ten days after it has
> been delivered to an institution or persons
> entitled to receive the same under the provi-
> sions of this law, it shall be delivered to
> them for burial and without cost. Acts 1907,
> p. 117, sec. 2; Acts 1929, 41st Leg., p. 328,
> ch. 152, § 1."

Article 4584 is entirely silent with respect to the authority of the Anatomical Board to embalm or, through its agents, direct the embalming of bodies. Prior to its acquisition of complete control over such bodies, the Board has no such authority. Complete control over a dead body is vested in the Board only upon the elapse of twenty-four hours after receipt of notification by the relatives or friends of the deceased, no claim having been made for the body. It is also true that after a body has been delivered to an institution or person entitled to receive the same under the provisions of the law relatives of the deceased still have ten days in which to claim the body. Delinea-tions of the Board's authority during this ten day period are not marked by Article 4584.

It necessarily follows and you are advised that the bodies of persons dying without known relatives or friends, and which are required to be buried at the public expense, falling within the provisions of the Anatomical Act, Ch. 13, Title 71, R. C. S. of Texas, 1925, may not be embalmed immediately after death by or under the direction of the Anatomical Board.

By this, we do not mean to imply that the public officer or coroner in whose custody the body is first held or an undertaker under his direction may not so embalm the

body. Whether or not an undertaker so acting may embalm the body will depend upon the facts and circumstances involved in each case. It is well established in this State and elsewhere that relatives and close friends of the deceased person have a primary right to the possession of the corpse in the same condition as at death. 11 C. J. 1144; Gray v. State, 55 Tex. Cr. Rep. 90, 114 S. W. 635, 22 L. R. A. (N.S.) 513. It may very well be that in order to maintain the body in its approximate condition at death or in the interest of the public health embalming will be necessary. On the other hand, the case of Svorski, et al v. Simons, et al (S. Ct. Minn., 1940) 293 N. W. 309, holds that under slightly less urgent circumstances embalming by an undertaker will be unauthorized and actionable. By these statements we merely mean to emphasize that Ch. 13, Title 71 of the R. C. S., 1925, has reposed no authority in the Anatomical Board to embalm or direct the embalming of dead bodies prior to its legal assumption of jurisdiction over such bodies.

APPROVED DEC 9, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James D. Smullen_
James D. Smullen
Assistant

JDS:RS

